IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONALD RAY SANFORD,          § | |
| § | |
| Movant,          § | |
| § | |
| VS.          § | NO. 4:18-CV-698-P |
| § | (NO. 4:13-CR-030-Y) |
| UNITED STATES OF AMERICA,          § | |
| § | |
| Respondent.          § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Donald Ray Sanford, movant, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response,[1] the reply, the record, including the record in the underlying criminal case, No. 4:13-CR-030-Y, styled "United States of America v. Barron Keith Jones, et al.," and applicable authorities, finds that the motion must be dismissed as untimely.

### BACKGROUND

The record in the underlying criminal case reflects the following:

On August 14, 2013, movant was named in a one-count superseding indictment charging him with conspiracy to possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc.[2] 279.  On December 30, 2013, he was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. CR Doc. 540.

---

[1] The response is titled a motion to dismiss.
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:13-CR-030-Y.

On January 8, 2014, movant appeared before the court with the intent to enter a plea of guilty to the superseding information. CR Doc. 551. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 558. He and his counsel also signed a waiver of indictment, CR Doc. 552, a notice/consent regarding entry of a plea of guilty, CR Doc. 553, and a plea agreement with waiver of appeal. CR Doc. 555. The latter document also included a waiver of movant's right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. CR Doc. 555, ¶ 10.

On June 3, 2014, movant was sentenced to a term of imprisonment of 162 months. CR Doc. 773. In violation of his waiver of right to appeal, movant filed a notice of appeal. CR Doc. 777. Movant's counsel filed a motion to withdraw and a brief in accordance with Anders v. California, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit concurred with his assessment that movant's appeal presented no nonfrivolous issues for appellate review and dismissed the appeal. CR Doc. 875; United States v. Sanford, 605 F. App'x 460 (5th Cir. 2015).

## THE MOTION AT ISSUE

On August 14, 2017, movant filed in the underlying criminal case a motion to correct a plain error. CR Doc. 1008. In it, movant argued that he had erroneously been sentenced as a career offender. Id. The court ultimately determined that the motion could only be construed as one brought under 28 U.S.C. § 2255 and directed that it be filed as such under the civil case number referenced above. CR Doc. 1033. The court pointed out that such motion might be subject to summary dismissal as barred by the time limitation for filing § 2255 motions, but gave

movant an opportunity to refile his motion, making whatever arguments he wished. Id. at 5-6. On September 12, 2018, movant filed his motion using the appropriate form and a memorandum in support thereof. Docs.[3] 4, 5. His primary argument is that he was improperly sentenced as a career offender.

## LIMITATIONS

Section 2255 contains a one-year statute of limitations. 28 U.S.C. § 2255(f). In this case, limitations began to run on the date the judgment in the underlying criminal case became final. 28 U.S.C. § 2255(f)(1). The Fifth Circuit issued its opinion on June 8, 2015. Sanford, 605 F. App'x 460. Because movant did not file a petition for writ of certiorari, his judgment became final 90 days later, on September 8, 2015. Clay v. United States, 537 U.S. 522, 527 (2003). He had one year from that date in which to pursue his § 2255 motion, but he did not make his filing until August 14, 2017.

Movant argues that he long ago raised the issues he now seeks to pursue. The long and convoluted history of movant's filings in his various cases need not be repeated here. The record in the underlying criminal case and an earlier case against movant, No. 4:97-CR-078-Y, reflect that movant has always had the capability of making filings on his own behalf and, in particular, motions under § 2255. As best the court can tell, the earliest movant raised the issue that he was improperly sentenced as a career offender was in a document he filed on October 26, 2016, titled "Rule 15(c) Related Back" under Case Number 4:15-CV-187-Y.[4] That motion was filed in relation to the revocation of movant's supervised release in No. 4:97-CR-078-Y. Even if the

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The motion is Doc. 11 in No. 4:15-CV-187-Y.

motion had been filed as it should have been in the underlying criminal case at issue here, No. 4:13-CR-030-Y, it would not have been timely.

The court further notes that movant waived his right to appeal from the judgment and sentence in the underlying criminal case as well as his right to seek relief under § 2255. CR Doc. 555. The court has no reason to believe that such waiver was not knowing and voluntary. In addition, as the government notes, it does not appear that movant's motion has any merit in any event. Doc. 8. at 7-10.

## ORDER

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 15, 2020.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE